IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH M. WHITE and REBECCA D. WHITE, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-18-4013 |
| AMERIQUEST MORTGAGE COMPANY, *et al.*, | § § § § | |
| Defendants. | § | |

**ORDER**

Joseph White and Rebecca White, representing themselves, sued Ameriquest Mortgage Co.; Wells Fargo Bank, N.A.; Structured Asset Mortgage Investments. II Inc.; JPMorgan Chase Bank, N.A.; Bank of New York Mellon Corp.; Mortgage Electronic Registration Systems, Inc.; and other unnamed defendants over a foreclosure dispute. (Docket Entry No. 1). Requesting preliminary and permanent injunctive relief, the Whites assert claims of unjust enrichment, wrongful foreclosure, slander of title, fraud, contract breach, and intentional and negligent infliction of emotional distress. They also allege violations of Pennsylvania's Fair Credit Extension Uniformity Act, 73 PA. STAT. § 2270.1, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. In October 2018, the Whites applied for a temporary restraining order enjoining the sale of their home. (Docket Entry No. 2).

The court declined to hold an *ex parte* hearing on the Whites' application for a temporary restraining order and required them to serve the defendants. (Docket Entry No. 4). Although it had not been served, Bank of New York Mellon answered and counterclaimed in December 2018. (Docket Entry No. 6). Bank of New York Mellon argues that the Whites' claims are frivolous under

the Texas Civil Practice and Remedies Code, §§ 9.011 *et seq.* and 10.001 *et seq.*, and that the note and security instrument entitle Bank of New York Mellon to attorney's fees and costs.

On January 15, 2019, the court ordered the Whites to arrange a hearing or withdraw their application for a temporary restraining order by February 15. The Whites served Bank of New York Mellon on January 22. On January 30, the Whites informed the court that the defendants planned to sell their home on February 5. The court set a hearing for February 1, 2019, at 4:30 p.m. (Docket Entry No. 9).

On January 31, Bank of New York Mellon responded to the Whites' application, arguing that Texas Rule of Civil Procedure 736.11 automatically stayed the foreclosure during the pendency of this case, mooting the Whites' application for a temporary restraining order. (Docket Entry No. 10 at 12). Bank of New York Mellon contends that even if the foreclosure was not stayed, the court should deny the application because the Whites fail to establish that they would suffer irreparable injury or that they are likely to succeed on the merits. (*Id.* at 6). Bank of New York Mellon submitted evidence of a December 7, 2018, order of the 164th Judicial District Court of Harris County granting the Bank's motion for default and allowing it to proceed with the foreclosure of the Whites' property. (Docket Entry No. 10-2).

Texas law automatically stays a foreclosure sale when a plaintiff files suit challenging the basis of the foreclosure. Texas Rule 736.11(a) reads:

> A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement . . . to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale.

TEX. R. CIV. P. 736.11(a). Bank of New York Mellon did not indicate whether it planned to conduct a foreclosure sale on February 5, as the Whites contend. Because the Whites have challenged the defendants' right to foreclose on their property in this court, the 164th District Court's order is stayed under Texas Rule 736.11(a). *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 914 (Tex. 2015) ("The Murphys then filed a separate and original proceeding in the 55th District Court. Pursuant to Rule 736.11(a), the filing of the Murphy's lawsuit automatically stayed Wells Fargo's application for an expedited foreclosure."). The application for a temporary restraining order is denied as moot, (Docket Entry No. 2), and the hearing scheduled for February 1, 2019, at 4:30 p.m. is **canceled**.

SIGNED on February 1, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge